# United States Court of Appeals

## For the Eighth Circuit

_____

No. 25-1996

_____

United States of America

*Plaintiff - Appellee*

v.

Calvin Shawn Carter

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: January 16, 2026
Filed: July 7, 2026
[Published]

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Calvin Shawn Carter pleaded guilty to production and possession of child pornography and was sentenced to 324 months of imprisonment. He appeals,

asserting the district court[1] erred when calculating his advisory Guidelines range. We affirm.

I.

Law enforcement received information that a Verizon user with a phone number associated with Carter had uploaded images of child pornography. Officers subsequently obtained search warrants for Carter's electronic devices, home, and cloud storage provider, and found several hundred images and videos depicting child pornography. Carter was interviewed, and he admitted to downloading and viewing child pornography. He also told officers about MV1, a minor with whom he had sexual contact 15-20 times over the course of three years, beginning when MV1 was 13 years old. Carter had worked with MV1's father and began spending time with MV1 and his brother. Among the videos and images stored on Carter's devices were several he had produced depicting MV1.

Carter pleaded guilty to one count of production of child pornography in violation of 18 U.S.C. §§ 2251(a), (e), and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2). At sentencing, the district court applied an enhancement to Carter's offense level, finding MV1 was in Carter's "custody, care, or supervisory control" at the time Carter produced the images. USSG § 2G2.1(b)(5) (providing for a 2-level enhancement if the defendant "was a parent, relative, or legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant").

On appeal, Carter argues there was insufficient evidence to support the enhancement. "We review the district court's interpretations and applications of the Guidelines *de novo*, and the factual determinations underlying its decisions for clear

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

error." United States v. Worthy, 129 F.4th 479, 487 (8th Cir. 2025) (citing United States v. Mayer, 63 F.4th 680, 684 (8th Cir. 2023)). In determining whether MV1 was in Carter's custody, care, or supervisory control for purposes of this enhancement, "[t]he primary consideration is the nature of the relationship." Id. at 488.

## II.

Based on the evidence presented at sentencing and the unobjected-to facts in the Presentence Report, the district court found MV1 was "transferred"—at Carter's request—from the care and custody of his parents to the care and custody of Carter. The court found that Carter expressly "sought the permission" of MV1's parents to take him to the movies, to dinner, or to Carter's house to spend the night. The court noted that MV1 was approximately 13 years old when the conduct began and, thus, still "a child" who was dependent on an adult—here, Carter—to make plans and provide for his transportation. Text messages between Carter and MV1's parents also informed the district court's assessment of the relationship between Carter and MV1. In one thread, MV1's father texted Carter, who was at home with MV1, asking him to "[g]uide [MV1] on chores," including sweeping the basement and cleaning his room. Carter followed up to report that the "[c]hores are handled."

We see no clear error in the district court's factual findings. Carter asserts that his conduct with MV1 was merely "opportunistic" and that a teenager like MV1 did not need close supervision. At age 13, MV1 was barely a teenager. In any event, the record showed Carter both requested and received permission from either MV1's mother or father before he and MV1 spent time together, including overnight. See USSG § 2G2.1, comment. (n.5(A)) (enhancement applies to "offenses involving a minor entrusted to the defendant, whether temporarily or permanently"); id. comment. (n.1) ("'Minor' means [] an individual who had not attained the age of 18 years[.]"); see also United States v. Street, 531 F.3d 703, 711 (8th Cir. 2008) (finding no error in a court's application of the § 2G2.1(b)(5) enhancement because a minor

who was "thirteen or fourteen years old . . . required supervision and was frequently left in the care and custody" of the defendant).

The enhancement is intended to apply broadly, USSG § 2G2.1, comment. (n.5(A)), but the facts still must support its application in any given case. For example, we have held that the enhancement does not apply when the facts "only demonstrate[] proximity," and not custody, care, or supervision. United States v. Blue, 255 F.3d 609, 614 (8th Cir. 2001) (noting the defendant "was never entrusted with custody of the child"). But here, the district court found Carter's relationship with MV1 involved more than simple proximity or opportunism. Carter took custody, care, or supervision of MV1 only temporarily, but that is enough for purposes of the enhancement. USSG § 2G2.1, comment. (n.5(A)) (including "temporary caretakers" among those subject to the enhancement).

III.

The district court did not err in applying the § 2G2.1(b)(5) enhancement. The judgment is affirmed.

_____

-4-